UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00140-GNS-HBB

BILLY JACKSON                                                                                                PLAINTIFF

v.

LAWAN RENFROW and
RUTH ANN LEE                                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment (DN 17) and the Motion to Strike (DN 23) filed by Defendants Lawan Renfrow (Lawan") and Ruth Ann Lee. The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Motion for Summary Judgment is **GRANTED**, and the Motion to Strike is **DENIED AS MOOT**.

### I.    BACKGROUND

This action arises from allegations of multiple instances of sexual assault Plaintiff Billy Jackson ("Jackson") suffered at the hands of a volunteer fire fighter, Jeffrey Renfrow ("Jeffrey"). (Defs.' Reply to Mot. for Summ. J. 1-2, DN 24). Jackson alleges that between November 2005 and July 2010, he was the victim of forty incidents of sexual abuse which occurred in the Fifth District Fire Department ("Fire Department" or "Department"), a volunteer fire department in Butler County, Kentucky. (Defs.' Mem. in Supp. of Mot. for Summ. J. 1-2, DN 17-2) [hereinafter Defs.' Mot.]). Both Defendants were chiefs of the Fire Department and were responsible for its operation. (Defs.' Mot. 6).

The alleged abuse first began after Jeffrey married Jackson's adoptive mother when Jackson was fourteen years old. (Defs.' Mot. 4). Jackson and Jeffrey were routinely combative when Jackson refused Jeffrey's sexual advances. (Defs.' Mot. 4). Jackson's mother often called upon Lawan to break up these fights, though Lawan has stated that he was unaware of the reasons for these conflicts. (Renfrow Aff. ¶¶ 15-17, DN 17-5).

Jeffrey had no criminal record when Defendants hired him as a volunteer firefighter in January 2000. (Defs.' Mot. 6). Jackson joined the Department in the latter part of 2009. (Compl. 4, DN 1). Additional abuse allegedly occurred within the Fire Department while both Jeffrey and Jackson served as volunteer firefighters. (Defs.' Mot. 6-7). In July 2010, Jackson reported Jeffrey's abuse to the Butler County Sherriff's Department. (Defs.' Mot. 7). Jeffrey was arrested for sexual abuse on July 17, 2010, and he is currently serving a thirty-year prison sentence after pleading guilty to the charges. (Defs.' Mot. 7).

Plaintiff filed his Complaint on October 11, 2014, alleging Defendants' negligence resulted in Jeffrey sexually assaulting Jackson in the Fire Department. Defendants filed their Motion for Summary Judgment on September 18. 2015. The matter having been fully briefed, the motion is now ripe for decision.

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

2

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys.*, Inc., 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id*. (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Defendants present three arguments in support of their motion. First, Defendants assert all sexual assaults that occurred after Jackson turned eighteen are barred by a one-year statute of limitations under KRS 413.140(1)(a). (Defs.' Mot. 10). Second, Defendants claim qualified immunity shields them from all liability for the sexual assaults. (Defs.' Mot. 13). Third,

3

Defendants maintain they did not breach a duty of care to Jackson. (Defs.' Mot. 16-17). The Court considers each argument in turn.

### A. Plaintiff's Sexual Assault Claims Are Time-Barred

Kentucky law provides a one-year statute of limitations for civil claims arising from sexual abuse. *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. App. 1998) (applying KRS 413.140(1)(a)). The statute of limitations tolls until the plaintiff reaches the age of majority, at which point the plaintiff has one year to file a claim. *Id*. The statute of limitations starts to run when the cause of action accrues, which is generally when the injury occurs. *Id*. In this case, the last possible instance of sexual abuse in this matter occurred prior to July 17, 2010, when Jeffrey was arrested. (Defs.' Mot. 7). Jackson turned eighteen on December 27, 2009, and Plaintiff filed this case on October 11, 2014. (Defs.' Mot. 2; Compl. 1). Therefore, if the one year statute of limitations applies to this matter, Plaintiff's claims are time barred.

Jackson contends his claim is not governed by KRS 413.140(1)(a); instead, he argues that KRS 413.120(2) controls because his claim arises by statute, so that the limitations period is five years.[1] (Pl.'s Resp. 3-4). While Jackson relies upon the decision in *Toche v. American Watercraft Ass'n*, 176 S.W.3d 694, 698 (Ky. App. 2005), the Kentucky Court of Appeals held in *Toche* that KRS 235.300 did not provide a new theory of liability. *See Toche*, 176 S.W.3d at 698. Rather, the statute merely codified a common law cause of action, which rendered the one-year statute of limitations in KRS 413.140(1)(a) applicable to the claim. *See id.*

In this case, Plaintiff relies on KRS 75.180(2) to assert his claim arises under statute rather than common law. (Pl.'s Resp. 3). In relevant part, that statute provides:

---

[1] In relevant part, KRS 413.120(2) provides that "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability" must be commenced with 5 years. KRS 413.120(2).

4

> The chief of the fire department shall direct and control the operation of the fire department and the control of the members in the discharge of their duties. He, and members of the fire department, shall have access to and the use of all cisterns, fireplugs, the waters of the waterworks of private persons and cisterns of private persons for the purpose of extinguishing fires and shall have the power to examine these water supplies at all reasonable times to see that they are in condition for use in case of fire. The chief shall have control of all hose, buildings, engines and other equipment provided for the fire department under direction of the board, or those authorized by the board to exercise this direction, and shall perform such other duties prescribed by the board not inconsistent with law.

KRS 75.180(2). This statute does not create any theory of liability, but instead outlines the powers of fire department chiefs. *See Toche*, 176 S.W.3d at 698. As a result the one-year statute of limitations would be applicable to the claims in this case.

Jackson's claims of sexual abuse are time barred as he filed his case far more than one year after his eighteenth birthday on December 27, 2009, and the last possible instance of sexual abuse could have occurred on July 17, 2010. (Defs.' Mot. 2). Therefore, since no statute codifies Plaintiff's cause of action, the one-year statute of limitations applies and Plaintiff's claims—first asserted in this action in October 2014—are time-barred.

### B. Defendants Are Immune from Liability under Qualified Immunity

Defendants are further protected by qualified immunity and therefore are immune from suit in this action. Public officers sued in their individual capacities are protected by qualified immunity to the extent their decisions are "good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (citation omitted). To determine if qualified immunity applies, the Court must characterize Defendants' actions as discretionary or ministerial. *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010).

Officials have qualified immunity for discretionary acts, which are generally "those involving the exercise of discretion and judgment, or personal deliberation, decision, and

judgment." *Yanero*, 65 S.W.3d at 522. An act is discretionary "when the act may be performed in one or two or more ways . . . ." *Haney*, 311 S.W.3d at 240 (citation omitted). On the other hand, ministerial acts are those are those that require "only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id*. (internal quotation marks omitted) (quoting *Yanero*, 65 S.W.3d at 522). Comparatively speaking, a discretionary act requires "policy-making decisions and significant judgment" while ministerial acts require little thought and are "merely routine" functions. *Stratton v. Kentucky,* 182 S.W.3d 516, 519 (Ky. 2006) (citation omitted).

In this case, Plaintiffs contend Defendants' authority is derived from KRS 75.180(2), which provides that "[t]he chief of the fire department *shall direct and control the operation of the fire department* and the control of the members in the discharge of their duties." KRS 75.180(2) (emphasis added). The statute is devoid of any language directing Defendants to execute "specific act[s] arising from fixed and designated facts." *Haney*, 311 S.W.3d at 240. Instead, Defendants' duty to "direct and control" under KRS 75.180(2) is open-ended and encompasses a broad range of managerial judgment; certainly, the statutory charge to "direct and control" is not absolute and certain. KRS 75.180(2) explicitly recognizes that the operation of a fire department may be managed in a myriad of ways, and is therefore discretionary. *Haney*, 311 S.W.3d at 240.

Kentucky law is clear that both general supervisory and hiring authority is discretionary. *Cole v. Shadoan*, 782 F. Supp. 2d 428, 433-37 (E.D. Ky. 2011) (interpreting Kentucky law to hold that the hiring, supervision, and management responsibilities of a high school principal is discretionary in an action arising from the sexual assault of a student by a math teacher); *Haney*, 311 S.W.3d at 242-46 (finding general supervision of children during blindfolded "night hike"

6

was discretionary); *Doe v. Patton*, 381 F. Supp. 2d 595, 602-04 (E.D. Ky. 2005) (finding hiring and supervision of janitor with history of sexual misconduct was discretionary in an action arising from the janitor's rape of a minor); *Rowan Cty. v. Sloas*, 201 S.W.3d 469, 477-81 (Ky. 2006) (finding supervision of prisoners in tree trimming operation was discretionary). Therefore, the Defendants' managerial actions in directing operations of the Fire Department pursuant to KRS 75.180 are discretionary and therefore entitled to qualified immunity.

Once an act has been determined to be discretionary "the burden shifts to the plaintiff to establish by direct or circumstantial evidence that the discretionary act was not performed in good faith." *Yanero*, 65 S.W.3d at 523. "'Good faith,' however, is somewhat of a misnomer, as the proof required is really [that] of 'bad faith.' In fact, in most cases, 'good faith' is just a presumption that exists absent evidence of 'bad faith.'" *Sloas*, 201 S.W.3d at 475. Therefore, the burden shifts to Jackson to establish the Defendants acted with bad faith.

Jackson has presented no evidence to suggest a genuine issue of material fact exists regarding the bad faith of the Defendants. Plaintiff has not expressly alleged bad faith, nor has he established that either Defendant had any actual knowledge regarding Jeffrey's perversions. Instead, Jackson simply states "if child sexual abuse in a firehouse does not constitute a grievous injustice, [Jackson] does not know what does." (Pl.'s Resp. 10). Let there be no doubt that Jeffrey's sexually deviant acts toward Jackson, as established by Jeffrey's criminal conviction, are reprehensible and unconscionable. Whether Defendants, however, are responsible for the alleged acts is another matter. Plaintiff has failed to present any evidence that Defendants had any reason to know of Jeffrey's abuse of Jackson. Absent proof of bad faith on their parts, Defendants are immune from liability in this action. Therefore, Defendants are immune from liability in this case.

### C. Breach of Duty

The final issue is whether Defendants breached any duty to Plaintiff. The Court has already determined that Defendants are immune from liability in this case as Plaintiff has failed establish any evidence indicative of bad faith which would overcome qualified immunity. Therefore, any further questions regarding Defendants' breach of the duty of care to Jackson are moot.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (DN 17) is **GRANTED** and Defendants' Motion to Strike (DN 23) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
April 13, 2016

cc:     counsel of record